IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANNE PEZEL**, | : | Case No. |
| 367 Oregon Street | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| vs. | : | |
| | : | |
| **EASY WAY LEISURE CORP.,** | : | |
| 8950 Rossash Rd. | : | |
| Cincinnati, Ohio 45236 | : | |
| | : | |
| and | : | |
| | : | |
| **INSIGHT EQUITY** | : | **COMPLAINT AND** |
| 1400 Civic Place, Suite 250 | : | **JURY DEMAND** |
| Southlake, Texas 76092 | : | |
| | : | |
| Defendants. | : | |

## I.　　INTRODUCTION

1.　　This is an action for sex discrimination in violation of 42 U.S.C §2000e-2 and O.R.C. §4112.02 (A) as enforced through O.R.C. § 4112.99.

## II.　　JURISDICTION

2.　　The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 as there is a federal question. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law claim.

3.　　Venue is proper as all acts complained of occurred in the Southern District of Ohio.

### III. PARTIES

4. Plaintiff is a female and was employed by Defendant Easy Way Leisure Corporation (Easy Way) from November of 2020 until May 5, 2022.

5. Easy Way is an employer within the meaning of Title VII, 42 U.S.C. § 2000e-(b) and Chapter 4112 of the Ohio Revised Code, O.R.C. §4112.01(2).

6. Insight Equity owns Easy Way. Insight Equity is also an employer within the meaning of Title VII, 42 U.S.C. § 2000e-(b) and Chapter 4112 of the Ohio Revised Code, O.R.C. §4112.01(2).

### IV. FACTS

7. Easy Way hired Plaintiff in November of 2020 as its Vice President, Supply Chain. Plaintiff reported to Jon Randman, the President of Easy Way.

8. During her employment, Plaintiff observed and became aware of poor performance and misconduct by male employees.

9. A male manager was absent from work without permission for approximately three months and was not disciplined.

10. Another male manager carried on inappropriate relationships with female employees. He was not disciplined.

11. There were several problems with the performance of the Chief Financial Officer (CFO), a male. The deficiencies were noted by Plaintiff and others, including the management of Insight Equity.

12. After an investigation confirmed that the CFO made false statements about Plaintiff, Mr. Randman told Plaintiff that the CFO was the

problem. However, Mr. Randman defended the CFO and told Plaintiff he was insecure, defensive, and sensitive to assertive females questioning him.

13. The environment at Easy Way was one in which males were permitted to make negative and demeaning comments toward and about females.

14. Other females employed by Easy Way have been treated adversely and unfavorably.

15. Defendant Insight Equity was involved in and oversaw the operations of Easy Way. Plaintiff communicated with Insight Equity management regarding various issues relating to the operation of Easy Way. Plaintiff and Easy Way's Human Resources Director presented monthly updates to Insight Equity on business issues, including changes to personnel, team structure, and recruitment.

16. On about April 27, 2022, Mr. Randman and other Easy Way executives met with members of the Insight Equity team.

17. On May 5, 2022, without any prior warning or notice, Mr. Randman terminated Plaintiff's employment. The stated reason was that he "lost confidence" in her.

18. On about July 20, 2022, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against Easy Way and Insight Equity. The EEOC issued of right to sue letters on or after November 2, 2022. Plaintiff has exhausted her administrative remedies.

## COUNT I

### (Sex Discrimination in Violation of 42 U.S.C. § 2000e-2 and O.R.C §§ 4112.02(A) and 4112.99)

19. Plaintiff incorporates Paragraphs 1-18 as if fully restated herein.

20. Defendants discriminated against Plaintiff because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and Ohio Revised Code § 4112.02(A) as enforced through O.R.C. §4112.99. Plaintiff is in the protected class. She was qualified for her job, and she suffered an adverse action when she was terminated. In addition, similarly situated males were treated more favorably than Plaintiff. Male executives with performance problems and other issues that would have warranted a "loss of confidence" were not disciplined or dismissed. Finally, the stated reason for Plaintiff's termination is a pretext for discrimination.

21. As a result of Defendants' conduct, Plaintiff has suffered lost income and benefits and such losses are expected to continue. Plaintiff has further suffered emotional distress and mental anxiety.

22. Wherefore, Plaintiff demands the following:

   a. reinstatement or front pay in lieu thereof;

   b. damages for all lost income and benefits;

   c. compensatory damages;

   d. punitive damages;

   e. reasonable attorney's fees and costs;

   f. pre-judgment interest; and

   g. all other legal and equitable relief to which she is entitled.

23. Plaintiff demands a trial by jury an all claims and issues triable to a jury.

          Respectfully submitted,

          s/ David Torchia
          David Torchia (0015962)
          Tobias, Torchia & Simon
          600 Vine Street, Suite 910
          Cincinnati, OH 45202
          (513) 241-8137
          davet@tktlaw.com
          Attorney for Plaintiff